**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA**

**VERSUS**                                                 **CRIMINAL ACTION NO. 4:05CR95**

**DANIEL IBARRA**

## ORDER

This cause is before the Court on defendant Daniel Ibarra's Motion for Severance of Parties and Offenses [494]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises finds as follows, to-wit:

Defendant seeks a severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure. The Rule provides in pertinent part:

> [i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trial of counts, sever the defendants' trial or provide any other relief that justice requires.

F.R.Cr.P. 14.

As the moving party, Ibarra bears the burden of establishing sufficient grounds for a severance–no easy task. The general rule is that persons indicted together should be tried together; motions for severance under Rule 14 are rarely granted. As noted in <u>United States v. Perez</u>:

> To obtain a severance under Rule 14, the movants have the burden of convincing the Court that without such drastic relief they would be unable to obtain a fair trial. A mere showing of some prejudice has usually been insufficient, for qualitatively it must be the most compelling prejudice against which the trial court will be unable to afford protection.

489 F.2d 51 (5th Cir. 1973) (citations omitted).

Ibarra asserts numerous arguments in support of his request for a severance. First and foremost, he points out that he is only named as a defendant in Count 1 of the indictment; he avers that his involvement in the alleged conspiracy was limited and that the jury would have insurmountable difficulty distinguishing his acts from those of numerous other co-defendants. As a further matter, Ibarra asserts that he "may" call co-defendants as witnesses in his defense. In a related vein, Ibarra urges potential for prejudice should certain co-defendants refuse to testify in that the jury would be likely to draw an inference of guilty against non-testifying defendants. Finally, Ibarra urges that the government may offer evidence which is admissible only as to certain of his co-defendants and that he would be prejudiced thereby.

The reasoning articulated by Ibarra is insufficient to warrant a severance. The fact that there are numerous defendants or that one defendant is not charged in all counts of the indictment is insufficient to show compelling prejudice. United States v. Morrow, 537 F.2d 120, 137-38 (5th Cir. 1976), cert. denied, 430 U.S. 957 (1977). Nor is a quantitative disparity in the evidence enough to demonstrate prejudice. United States v. Merida, 765 F.2d 1205, 1219 (5th Cir. 1985).

Severance based on the testimony of a co-defendant is only warranted if a defendant can establish 1) a bona fide need for the co-defendant's testimony; 2) the substance of the testimony; 3) the exculpatory nature and effect of the testimony; and 4) that the co-defendant would in fact testify. United States v. Neal, 27 F.3d 1035, 1047 (5th Cir. 1994). Defendant failed to make even a threshold showing as to these elements.

Finally, in cases involving conspiracy charges–such as this one--the interest in judicial economy exerts strong pressure in favor of a joint trial because once the conspiracy is proven, evidence use to convict one defendant is admissible against all coconspirators. Morrow, 537 F.2d

at 136. Accordingly, Ibarra's concern about the limited admissibility of certain evidence is without merit.

Based on the foregoing analysis, the Court concludes that the defendant's motion is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Daniel Ibarra's Motion for Severance of Parties and Offenses [494] is not-well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 8th day of June, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE